AO 241  (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District Massachusetts |  |
|---|---|---|
| Name: Grayling Davis | Prisoner No. W62595 | Case No. |

Place of Confinement
Old Colony Correctional Center
1 Administration Road
Bridgewater, MA. 02324

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| Grayling Davis   V. | Bernard Brady, Superintendent and Thomas Reilly |

The Attorney General of the State of: Massachusetts

## PETITION

1. Name and location of court which entered the judgment of conviction under attack

    Middlesex Superior Court, Cambridge, Massachusetts

2. Date of judgment of conviction  2/7/1997

3. Length of sentence  Ten to fifteen years.

4. Nature of offense involved (all counts)

    Rape, 2 counts; indecent assault and battery, 2 counts; violation of a restraining order, 8 counts; assault and battery, 1 count; threats, 1 count.

5. What was your plea? (Check one)
   (a) Not guilty        ☑
   (b) Guilty            ☐
   (c) Nolo contendere   ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury          ☑
   (b) Judge only    ☐

7. Did you testify at the trial?
   Yes ☑   No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☑   No ☐

(2)

AO 241   (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court   Appeals Court of Massachusetts

   (b) Result   Judgments affirmed

   (c) Date of result and citation, if known   January 3, 2003.  57 Mass. App. Ct. 1101

   (d) Grounds raised
   Denial of: 6th Am right to impartial jury (I); 6th Am right to counsel (IV, V); 6th Am right to present a defense (VII); 5th and 14th Am rights to due process ((II, VI, VIII, IX, Pro Se Brief); 6th Am right to self representation (III).

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

      (1) Name of court   Supreme Judicial Court of Massachusetts

      (2) Result
          Application for further appellate review denied

      (3) Date of result and citation, if known   February 27, 2003, 438 Mass. 1109

      (4) Grounds raised
          Denial of: 6th Am right to impartial jury (I); 6th Am right to counsel (IV, V); 6th Am right to present a defense (VII); 5th and 14th Am rights to due process ((II, VI, VIII, IX); 6th Am right to self representation (III).

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

      (1) Name of court

      (2) Result

      (3) Date of result and citation, if known

      (4) Grounds raised

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☑   No ☐

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court   Middlesex Superior Court

       (2) Nature of proceeding
           Motion to revise or revoke sentence pursuant to Mass. R. Crim. P. 29.

       (3) Grounds raised
           Sentence was excessive under the circumstances

AO 241   (Rev. 5/85)

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐   No ☑

    (5) Result   This is an open motion. Filed on June 3, 1997, it has never been acted upon.

    (6) Date of result

(b) As to any second petition, application or motion give the same information:

    (1) Name of court

    (2) Name of proceeding

    (3) Grounds raised

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐   No ☐

    (5) Result

    (6) Date of result

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes ☐   No ☐
    (2) Second petition, etc.    Yes ☐   No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
    CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

AO 241   (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one:
   Conviction obtained by action of trial judge in impaneling jury that was selected in violation of petitioner's 6th Amendment right to an impartial jury.

   Supporting FACTS (state *briefly* without citing cases or law):
   Petitioner was compelled to expend a peremptory challenge to remove a prospective juror who had said she would view a defendant's failure to testify as tantamount to an admission of guilt.

B. Ground two:
   Conviction obtained by action of trial judge whose eve-of-trial limitation on the role of standby counsel invalidated petitioner's waiver of his 6th Amendment right to counsel, a waiver that had been made with an understanding that standby counsel would play an active role in his defense.

   Supporting FACTS (state *briefly* without citing cases or law):
   Prior to trial, the motion judge who appointed petitioner's standby counsel set out for petitioner the proactive role that standby counsel would play in assisting petitioner's defense. Before the jury was sworn in, the trial judge informed petitioner that he was, in effect, drastically curtailing the role standby counsel would play in assisting petitioner in his defense. The minimal role that standby counsel did play in the ensuing trial was in accord with the trial judge's directive.

(5)

AO 241   (Rev. 5/85)

C. Ground three:
Conviction obtained by action of trial judge who summarily denied petitioner's request to revoke his waiver of counsel, in violation of petitioner's 6th Amendment right to counsel.

Supporting FACTS (state *briefly* without citing cases or law):
On the eve of trial, the trial judge drastically limited the role petitioner had expected standby counsel to play in his defense. In light of the very limited assistance petitioner now understood he could expect from standby counsel, petitioner asked to revoke his waiver of counsel. The trial judge summarily denied the request.

D. Ground four:
Conviction obtained by actions of trial judge in unfairly limiting petitioner's rights under the 6th and 14th Amendments to call and to examine witnesses.

Supporting FACTS (state *briefly* without citing cases or law):
The petitioner subpoenaed police witnesses who could have testified to inadequacies in the investigation. When these witnesses failed to honor their subpoenas, the trial judge gave petitioner as a remedy only the option of summarizing their earlier testimony. Also, the trial judge imposed limitations on petitioner's examination of his children that prevented petitioner from effectively developing evidence that he slept with the children on the night complainant said she was raped and evidence that the children heard no sounds of argument or struggle. Also, the trial judge precluded petitioner from cross-examining complainant about her romantic obsession with the former prosecuting attorney.

SEE ATTACHMENT FOR ADDITIONAL GROUNDS

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☑   No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing
John LaChance, 600 Worcester Road, Suite 501, Framingham, MA. 01702;
MaryEllen Cuthbert, 2 Shandel Drive, Chelmsford, MA. 01824

(b) At arraignment and plea

E. Ground five: Conviction obtained by action of trial judge in allowing prosecution to introduce evidence that was irrelevant, inflammatory, and highly prejudicial in violation of petitioner's Fifth and Fourteenth Amendment rights to a fair trial.

Supporting FACTS: After petitioner introduced portions of complainant's diary inconsistent with her trial testimony, the trail judge allowed the prosecution to read into evidence graphic excerpts from the diary and introduce the entire diary as substantive evidence of guilt, although the excerpts were plainly inflammatory and inadmissible self-corroboration of the Commonwealth's key witness.

F. Ground six: Conviction obtained by action of hearing judge who flatly denied petitioner the right to represent himself at bail hearing in violation of his rights to self-representation under the Sixth and Fourteenth Amendments.

Supporting FACTS: At bail hearing petitioner made a timely and unequivocal assertion of his right to self-representation. The judge told petitioner that "your counsel . . . will conduct the hearing."

G. Ground seven: Conviction obtained by action of hearing and trial judges who, after recognizing petitioner's right to proceed pro se, allowed standby counsel to appear for the defendant at conferences outside of the defendant's presence, in violation of petitioner's Sixth Amendment rights to self-representation.

Supporting FACTS: After petitioner elected to proceed pro se, standby counsel appeared at bench conferences without petitioner present and without petitioner's consent five times in the course of pretrial proceedings and once during the trial.

H. Ground eight: The performance of petitioner's standby counsel was so grossly deficient as to constitute a violation of petitioner's rights to counsel under the Sixth Amendment and to due process under the Fifth and Fourteenth Amendments.

Supporting FACTS: Although directed by the judge who appointed him to be proactive in assisting petitioner, standby counsel was absent from court for part of the hearing on the defendant's motion to suppress and for a

1

motion hearing on petitioner's request for subpoenas. Further, standby counsel ignored throughout the pretrial and trial proceedings the direction of the judge who appointed him to be proactive in assisting the petitioner.

I. Ground nine: Convictions obtained by action of trial judge in giving an instruction that permitted the jury to weigh against petitioner his failure to produce evidence, in violation of petitioner's rights under the Fourteenth Amendment.

Supporting FACTS: The trial judge charged that the jury could consider the absence of evidence they "would have liked to have seen," without limiting the application of this instruction to the Commonwealth's case or reconciling this instruction with those on the Commonwealth's burden of proof.

J. Ground ten: Convictions obtained by means of jury's exposure to trial judge's repeated displays of bias against petitioner in violation of petitioner's rights under the Sixth and Fourteenth Amendments.

Supporting FACTS: Trial judge's conduct throughout the trial demonstrated to the jury the judge's bias against the defendant. The judge's conduct included: comments intimating that the defense petitioner was attempting to present was meritless; reprimands and harshly critical remarks directed at petitioner; sarcastic asides.

K. Ground eleven: Conviction obtained by a means of the trial judge's patently erroneous instruction to the jury placing on the defendant the burden of proving his innocence, in violation of his rights under the Fifth and Fourteenth Amendments.

Supporting FACTS: In his pre-charge to the jury, the trial judge instructed the jury that it was a correct statement of the law that a person accused of a crime "has to prove that he is innocent."

L. Ground twelve: Indecent assault and battery convictions obtained by means of trial judge's instructions to the jury that failed properly to set out the elements of the crime, thereby relieving the Commonwealth of a portion of its burden of proof, in violation of the petitioner's rights under the Fifth and Fourteenth Amendments.

2

Supporting FACTS: The instruction the judge gave on indecent assault and battery should have -- but did not -- require the jury to find that the touching was immoral and improper as judged by contemporary moral values..

AO 241    (Rev. 5/85)

    (c) At trial
        Petitioner was pro se.

    (d) At sentencing

    (e) On appeal
        Esther J. Horwich, 100 State Street, Suite 900, Boston, MA. 02109

    (f) In any post-conviction proceeding

    (g) On appeal from any adverse ruling in a post-conviction proceeding

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☑   No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐   No ☑
    (a) If so, give name and location of court which imposed sentence to be served in the future:

    (b) Give date and length of the above sentence:

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐   No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__2/25/2004__
Date

_____
Signature of Petitioner

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Grayling Davis

**DEFENDANTS**
Bernard Brady, Superintendent, Old Colony Correctional Center
and
Thomas F. Reilly, Attorney General of Massachusetts

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Plymouth
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(C) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
David B. Mark
74 Baker Street
Warren, RI. 02885
(401) 247-4449

**ATTORNEYS (IF KNOWN)**
Office of the Attorney General
One Ashburton Place
Boston, MA. 02108
(617) 727-2200

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS -Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. Sec 2254 (habeas corpus, person in state custody)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER FR.C.P 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 2/25/2004

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Grayling Davis v. Bernard Brady**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [x] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]    NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]    NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]    NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [x]    NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [x]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  David B. Mark, Massachusetts B.B.O. # 320510
ADDRESS  74 Baker Street, Warren, RI. 02885
TELEPHONE NO.  (401) 247-4449

(Coversheetlocal.wpd - 10/17/02)