# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

GRAYLING DAVIS,            )
       Petitioner,         )
                    )     **Civil Action No. 04-10386-MLW**
**v.**                   )
                    )
**BERNARD BRADY,**      )
       Respondent.       )
                    )

## ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS

Pursuant to Rule 5 of the Rules Governing Section 2254 cases, the respondent, Bernard Brady, by and through his counsel, the Attorney General of the Commonwealth of Massachusetts, hereby answers the Petition for Writ of Habeas Corpus (the "Petition") as follows:

1.      The respondent admits the factual allegation contained in paragraph 1 of the Petition.

2.      The respondent admits the factual allegation contained in paragraph 2 of the Petition.

3.      The respondent admits the factual allegation in contained in paragraph 3.  Further answering, the respondent states, on information and belief, that the petitioner was also sentenced to committed, concurrent state prison terms of concurrent, one-year house of correction sentences for nine of the remaining crimes for which he was convicted, and to five years probation for the remaining two crimes for which he was convicted.  The petitioner's probationary term is to take effect upon his release from prison on all charges.

2

4.     The respondent admits the factual allegations contained in paragraph 4 of the Petition.

5.     The respondent admits the factual allegation contained in paragraph 5 of the Petition.

6.     The respondent admits, on information and belief, the factual allegation contained in paragraph 6 of the petition.

7.     The respondent admits, on information and belief, the factual allegation contained in paragraph 7 of the Petition.

8.     The respondent admits the factual allegation contained in paragraph 8 of the Petition.

9(a)-(c). The respondent admits the factual allegations contained in subparagraphs 9(a)-(c) of the Petition. The respondent admits the allegations contained in subparagraph 9(d), with the exception that the petitioner does not appear to have raised claim "IX" in his brief to the Massachusetts Appeals Court. To the extent the petitioner claims to have alleged violations of federal constitutional law in the Supreme Judicial Court in this subparagraph, the respondent denies the allegation. The respondent admits the factual allegations contained in subparagraph 9(e). Subparagraph 9(f) was left blank by the petitioner and therefore requires no response.

10.     The respondent admits, on information and belief, the factual allegations contained in paragraph 10 of the Petition.

11.     The respondent admits, on information and belief, the information contained in paragraph 11(a)(1) and 11(a)(2). The respondent states that he lacks sufficient knowledge to as to subparagraphs 11(a)(3) and 11(a)(4). The respondent admits, on information and belief, the

3

factual allegation contained in subparagraph 11(a)(5). The petitioner left subparagraphs 11(a)(6) and 11(b) blank; consequently, no response is required.

12. The respondent states that paragraph 12 of the Petition contains legal argument and conclusions to which no response is required. To the extent that paragraph 12 contains allegations of fact that do not comport with the Massachusetts Appeals Court's findings of fact, they are denied.

13. Paragraph 13 was left blank by the petitioner and therefore requires no response.

14. The respondent states that he lacks sufficient knowledge to answer the allegation in paragraph 14.

15(a). The respondent admits, on information and belief, the factual allegations contained in Subparagraph 15(a).

15(b). Subparagraph 15(b) was left blank by the petitioner and therefore requires no response.

15(c). The respondent admits, on information and belief, the information contained in subparagraph 15(c).

15(d). Subparagraph 15(d) was left blank by the petitioner and therefore requires no response.

15(e). The respondent admits, on information and belief, the information contained in subparagraph 15(e).

15(f)-(g). Subparagraphs 15(f)-(g) were left blank by the petitioner and therefore require no response.

16. The respondent admits, on information and belief, the factual allegations

contained in paragraph 16 of the Petition.

17.    The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Petition for Writ of Habeas Corpus and calls upon the petitioner to prove same.

### First Affirmative Defense

The Petition should be denied because it fails to state a claim upon which habeas corpus relief can be granted.

### Second Affirmative Defense

The Petition should be denied because the state-court adjudication of the petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly-established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1).

### Third Affirmative Defense

The Petition should be denied because the state-court adjudication of the petitioner's claims did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceedings. *See* 28 U.S.C. § 2254(d)(2).

### Fourth Affirmative Defense

The Petition should be denied because the petitioner cannot rebut the presumption of correctness accorded to the state court's factual determinations underlying his purportedly federal constitutional claims. *See* 28 U.S.C. § 2254(e)(1).

5

### Fifth Affirmative Defense

The Petition should be denied to the extent the petitioner's grounds for relief are premised solely on matters of state law.

### Sixth Affirmative Defense

The Petition should be denied if and to the extent that the relief sought would create or apply a new rule of constitutional law that cannot be applied retroactively on collateral review.

### Seventh Affirmative Defense

The Petition should be denied if and to the extent that the decision of the state court below rests on a state law ground that is both independent of the federal questions the petitioner presents here and adequate to support the judgment.

### Eighth Affirmative Defense

The respondent respectfully reserves the right to amend or supplement this Answer in the future should the need arise.

### Ninth Affirmative Defense

Although it appears that the petitioner exhausted his claims in the courts of the Commonwealth, the respondent respectfully requests that the Court dismiss the Petition to the extent the claims contained within it are unexhausted, and respectfully reserves the right to raise an exhaustion defense in the future.

### Supplemental Rule 5 Materials

In accordance with Rule 5 of the Habeas Rules, the respondent states that, based on his preliminary review, the Petition appears to be timely filed, 28 U.S.C. § 2244(d).  Further, the petitioner appears to have sufficiently exhausted his state-court remedies before filing his

6

petition. 28 U.S.C. § 2254(b). A list of available transcripts is contained in Respondent's

Supplemental Answer, which is filed with this Answer.

       **WHEREFORE,** the respondent respectfully requests that the Petition for a Writ of

Habeas Corpus be denied.

                      Respectfully submitted,

                      THOMAS F. RILEY
                      Attorney General

                      /s/ Daniel I. Smulow
                      Daniel I. Smulow, BBO No. 641668
                      Assistant Attorney General
                      Criminal Bureau
                      One Ashburton Place
                      Boston, Massachusetts 02108
                      (617) 727-2200 ext. 2949

Dated: March 4, 2005

### Notice of Filing with Clerk's Office

       Notice is hereby given that the Respondents' Supplemental Answer has been manually

filed with the Court and is available in paper form only.

                      /s/ Daniel I. Smulow

Dated: March 4, 2005