UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Grayling Davis                    )
        Petitioner,               )
                                  )
        v.                        )   C.A. No. 04-10386-MLW
                                  )
Bernard Brady,                    )
        Respondent                )

MEMORANDUM & ORDER

WOLF, C.J.

I.    INTRODUCTION

Petitioner Grayling Davis has filed a Motion for Writ of Habeas Corpus under 28 U.S.C. §2254.

For the reasons discussed in this Memorandum, it is being ordered that the petitioner shall, within 30 days of this order, seek to show cause why his petition should not be dismissed or, in the alternative, request that this court delete his unexhausted claims and proceed under the instant petition. Respondent shall reply within 21 days thereafter.

II.   DISCUSSION

The Commonwealth contends that Davis has not exhausted his claim that the "collective impact of the state court errors warrants relief under the federal habeas statute," a claim that is not immediately evident in the petition, but that appears clearly in Davis's supporting memorandum. A petitioner carries the heavy burden of proving that his federal claim has been exhausted at the state court level. Nadworny v. Fair, 872 F.2d 1093, 1098 (1st Cir.

1

1989).  Because Davis has made no attempt to meet this burden, he has failed it and this court must construe his petition as containing unexhausted claims.

Prior to the passage of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, the Supreme Court instructed district courts to dismiss without prejudice habeas petitions that contain both exhausted and unexhausted claims.  Rose v. Lundy, 455 U.S. 509, 522 (1982).  This rule was complicated when AEDPA's one-year statute of limitations came into effect.  The short statutory period for habeas petitions under AEDPA is not tolled by the pendency of a federal habeas petition.  See Duncan v. Walker, 533 U.S. 167, 181 (2001) (a petition for federal habeas corpus relief is not "an application for State post-conviction or other collateral review" within the meaning of the tolling provision of AEDPA).  Therefore, AEDPA threatened to take from prisoners the opportunity for federal review where they inadvertently filed mixed petitions – petitions with both exhausted and unexhausted federal claims.  This problem was caused by what is often the long time it takes for petitions to be briefed and decided in federal court.  In some cases, the statute of limitations period may run by the time the United States district court has dismissed a mixed petition.  See Rhines v. Weber, 544 U.S. 269, 278-79 (2005) (discussing the difficulties caused by the interplay of AEDPA's limitations period and the exhaustion

2

requirement).

To mitigate this harsh result, the Court of Appeals for the First Circuit deemed it "preferable" for the district courts to "'retain jurisdiction over the meritorious claim and stay further proceedings pending the complete exhaustion of state remedies.'" Delaney v. Matesanz, 264 F.3d 7, 15 n.5 (1st Cir. 2001) (quoting Duncan, 533 U.S. at 183 (Stevens, J., Concurring); see also Neverson v. Bissonnette, 261 F.3d 120, 126, n. 3 (1st Cir. 2001).

However, this rule was short-lived. In Rhines v. Weber, the Supreme Court cautioned against the liberal granting of stays and instructed the district courts to stay a habeas corpus petition only where the petitioner has good cause for his failure to exhaust, where the unexhausted claims are potentially meritorious, and where there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. See 544 U.S. 269, 278-79 (2005) (permitting a United States district court to stay a federal habeas action and hold the petition in abeyance while the petitioner exhausts claims in state court).

The Supreme Court further instructed that in the absence of good cause, district courts should permit petitioners to delete the unexhausted claims from a mixed petition and proceed with the exhausted claims "if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Id.

3

The petitioner has neither attempted to show good cause for his failure to exhaust state remedies nor asked this court to delete his unexhausted claims. While this court is obligated to dismiss a mixed petition such as the one before it, the court must hesitate to preclude unfairly the possibility of any federal review of petitioner's federal claims. As it appears that any future habeas petition would be time-barred, the court is giving the petitioner the opportunity to either establish good cause for his failure to exhaust or move to have his exhausted claims deleted.

Unless the petitioner can reference another relevant starting point, AEDPA's one year limitations period began to run from the date on which his conviction became final by the conclusion of direct review. See 28 U.S.C. §2244(d)(1)(A). A conviction becomes final when a petitioner's application for certiorari from the Supreme Court is denied or upon the expirations of the period in which such a petition might have been seasonably filed. See Derman v. United States, 298 F.3d 34, 42 (1st Cir. 2002).

The Supreme Court rules allows for the filing of certiorari petitions within 90 days from the date that judgment was entered in the state court of appeals of last resort. Sup. Ct. R. 13. See also 28 U.S.C. §2101(d) (establishing the Supreme Court's authority to set the relevant time period for criminal appeals). Accordingly, petitioner's statutory period may have expired as early as one year and 90 days after his May 3, 2004 petition to the

Supreme Judicial Court of Massachusetts was denied.  Because that date has now passed, there is a significant threat that any future petitions would be time-barred despite the timely February 26, 2004 filing of the instant petition.

Accordingly, it is hereby ORDERED that, petitioner shall, within 30 days of this order, seek to show cause why his petition should not be dismissed or, in the alternative, request that this court delete his unexhausted claims and proceed under the instant petition.  Respondent shall reply within 21 days thereafter.

_____          _____
DATE                                     UNITED STATES DISTRICT JUDGE