UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____ )
Grayling Davis,                 )
    Petitioner,             )
v.                              )    Civil Action No. 1:04-10386-MLW
                                )
Bernard Brady, Superintendent,  )
Old Colony Correctional Center, )
    Respondent.             )
_____ )

**MEMORANDUM IN SUPPORT OF PETITIONER'S
MOTION FOR CERTIFICATE OF APPEALABILITY**

    Grayling Davis, Petitioner, filed for relief under 28 U.S.C. § 2254. The district court denied the habeas petition on March 26, 2007. Davis submits that the following authorities and arguments constitute a substantial showing of the denial of constitutional rights. He respectfully seeks issuance of a certificate of appealability to allow review of the district court's rulings.

***Facts-Procedural History***

    Following his *pro se* jury trial before Judge Zobel in the Middlesex Superior Court, a Massachusetts state jury returned convictions against Davis on fourteen counts. The court imposed a total effective sentence of ten to fifteen years, MCI-Cedar Junction. (Trial Docket), (RA-1-15), (Appeals Decision). The Massachusetts appellate courts affirmed the convictions. (Appeals Docket), (SJC Docket).

    Davis filed his habeas corpus petition in the district of Massachusetts on February 26, 2004. The district court denied the habeas petition on March 26, 2007. (2254 Docket).

### *Facts-Charged Conduct*

Mr. Davis' spouse was a witness for the Commonwealth. She testified that he sexually assaulted her. (Tr-V-54, 123-127) (Tr-VII-140).

Previously, she unsuccessfully sought a separation from Davis. Problems existed in their marriage. (Tr-V-58). She eventually obtained a restraining order against him. (Tr-V-59). The couple subsequently separated. (Tr-V-64).

### *Facts-Counsel*

Prior to trial, Davis asserted his right to self representation. (Tr-7/23/96-4). The court canvassed Davis and allowed counsel to withdraw. (Tr-7/23/96-7-10, 22-23). The court later appointed standby counsel. (Tr-8/8/96-4-11).

During his tenure as standby counsel, Attorney Arbabi participated in a pretrial conference without Davis' presence. (Tr-9/11/96-4-6).

The trial court later appointed new standby counsel. Standby counsel was defined as an attorney available to provide assistance when Davis found himself in need of assistance. (Tr-9/11/96-31-32).

Judge Brassard established the parameters for standby counsel:

> I'm appointing you as standby counsel to be available to assist Mr. Davis when he requests assistance and when appropriate to offer your thoughts. In other words, to take the initiative to offer thoughts and advice to him in terms of the conduct of the preparation of this matter for trial and for the trial itself.
>
> But the quarterback by his own wish is the Defendant himself.
>
> So, that's the guidance I would offer to you, sir.

(Tr-9/16/96-9-10).

Immediately prior to trial, Judge Zobel recast the role of standby counsel. The court admonished Davis:

> Mr. Campbell is not required to do that. Mr. Campbell is required to take your list and give it to Mr. Cowen; that is all he is required to do; that's my order; that's my interpretation of Mr. Campbell's role. He is not obliged to consult with you on who the witnesses ought to be, on whether they are relevant, on whether they can help the defense. You want to be your own lawyer, you be your lawyer. Mr. Campbell is, in effect, and I hope he doesn't take offense at this, a messenger for you, and that is all.

(Tr-IV-319).

### *Facts-The Defense*

Proceeding *pro se*, Davis sought to subpoena approximately thirty witnesses. (Tr-II-4-8, 13). After hearing, the court permitted summonses for three witnesses. (Tr-II-63, Tr-III-6).

Jury selection commenced with Attorney Campbell as standby defense counsel. (Tr-IV-4). During selection, the court misinstructed the panel:

> Which of the following two statements is true? Statement number one: When a person is accused of a crime, he has to prove that he is innocent. Statement number two: When a person is accused of a crime, the government has to prove that he is guilty?
>
> Well, the correct answer is number one.

(Tr-IV-91). Davis did not object. Subsequently, the court properly assigned the presumption of innocence to the defendant. (Tr-IV-91-92).

During jury selection, the trial court treated Davis' juror challenge as peremptory, rather than consider juror removal for cause. The prospective juror viewed a defendant's failure to testify as an admission of guilty. The *pro se* Davis did

not dispute this characterization. (Tr-IV-154-155), (Comm.Br-21-22).

Davis' spouse testified in the Commonwealth's case. (Tr-V-50, 54). Following the direct, he commenced the *pro se* cross examination. (Tr-V-162). With limited interruption for other witnesses, the cross examination proceeded over four days. (Tr-V, VI, VII, VIII).

Davis testified in his defense. During his testimony, he read excerpts from the complainant's diary. (Tr-XII-109-132). On cross examination of Davis, the court allowed the Commonwealth to introduce substantial additional diary excerpts. (Tr-XII-144-152).

During final instructions, the judge instructed the jury:

> The government has introduced the evidence it believes sustains its position. The defendant has brought to your attention other evidence.
>
> That mass of evidence, ladies and gentlemen, is the material from which you work. It may be that you think there should have been other evidence. It may be you think that other witnesses should have been brought. You may certainly take in account the absence of evidence, if you conclude that evidence is absent, that you would have liked to have seen that is significant, you may take that into account by all means.

(Tr-XIII-51), (Supp-FAR-5-6), (Def.Br-PS-51).

The court also instructed on indecent assault and battery:

> The government must prove that the defendant, prove beyond a reasonable doubt, that the defendant committed an intentional, unconsented-to touching, in such manner, let me put it that way, and of such parts of [name redacted's] body, clothed or unclothed, that a reasonable person in Mr. Davis' position would believe that a reasonable person in [name redacted's] position would find the touching either exceptionally offensive or sexually stimulating.
>
> Alternatively, the government must prove, beyond a reasonable

doubt, that Mr. Davis intentionally and without [name redacted's] consent, touched her body, or any part of it, clothed or unclothed, for the purpose of arousing or gratifying his own sexual desire.

(Tr-XIII-69).

## ARGUMENT

**The state court errors require issuance of the writ of habeas corpus.**

The state trial court's rulings and demeanor deprived Davis of his right to self representation. The state appellate courts declined to acknowledge the unfair trial proceedings. Without review, the provisions for the federal writ of habeas corpus stand hollow. The district court erred when it denied Davis' habeas petition.

**A.    Standards for Habeas Review.**

A prisoner wrongfully in state custody may apply to a district judge for a writ of habeas corpus. 28 U.S.C. §§ 2241-2242, 2254. The writ shall not issue unless the state proceedings resulted in a decision contrary or by unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1). An unreasonable application is found where the state court's determination is both incorrect and objectively unreasonable. *Horton v. Allen*, 370 F.3d 75, 80 (1st Cir. 2004).

**B.    The trial court deprived Mr. Davis of a fair trial when the court (1) allowed Davis to proceed *pro se* based upon a flawed counsel waiver, then effectively deprived Davis of his right to self representation; (2) misinstructed the jury when it permitted the panel to draw improper adverse inferences; and (3) restricted Davis' right to present evidence, while permitting the Commonwealth to offer prejudicial evidence unbalanced by probative value.**

   **1.    Self Representation and the Right to Counsel.  (Habeas Petition Grounds 1, 2, 3, 6, 7, 8, 10, 11 and 12).**

The right to self representation finds its roots in the Sixth Amendment. The

5

accused has the right to personally make his own defense. To represent himself, the accused must knowingly and intelligently forego the benefit of counsel. The defendant must be aware of the dangers in self representation. *Faretta v. California*, 422 U.S. 806, 818-19, 834-835 (1975); U.S. const. am. VI.

The consideration of waiver validity evaluates many factors. Among those factors, the court weighs whether the defendant (1) has a sense of the magnitude of self-representation and the potential disadvantages; (2) is aware that trial is governed by technical rules and that defense presentation is more that storytelling; and (3) appreciates the charge's seriousness and his potential penalty exposure. Other factors include the defendant's (4) background, experience and conduct; (5) involvement in previous criminal trials; (6) representation by counsel before trial; and (7) the continued presence of advisory counsel at trial. *United States v. Manjarrez*, 306 F.3d 1175, 1179-1180 (1st Cir. 2002).

The trial court must allow the *pro se* defendant to control his own defense. The right to self representation is eroded by exclusion from bench conferences and derisive remarks from the bench. The jury's perception, that it is the defendant who controls his own defense, is critical to ensure proper endowment of this right. *Oses v. Massachusetts*, 775 F.Supp. 443, 456-458, 460-462, 467 (D.Mass. 1991) (analysis of self representation right); 961 F.2d 985, 986 (1st Cir. 1992) (adoption of district court findings), *cert. denied* 506 U.S. 954 (1992).

The defendant is entitled to be present at all critical stages of the proceedings. Mass.R.Crim.P. 18. A defendant does not have a right to be present at every minor

stage of trial. However, due process concerns are implicated when the defendant's presence has a reasonably substantial relation to the fullness of his opportunity to defend against the charge. More specifically, due process mandates the defendant's presence when a fair and just hearing is thwarted by his absence. *Snyder v. Massachusetts*, 291 U.S. 97, 105-108 (1934); *United States v. Melendez-Santana*, 353 F.3d 93, 99-100 (1st Cir. 2003); U.S. const. am XIV.

Indecent and assault and battery involves conduct that, when viewed objectively in light of contemporary moral values, is found to be indecent. Indecency is measured by common understanding and practices. The act need not be for the purpose of sexual gratification or arousal. *Commonwealth v. Conefrey*, 37 Mass. App. Ct. 290, 300 (1994), (analysis of element definition in parallel statute, G.L. c. 265, § 13B, complainant under fourteen), *aff'd on this ground* 420 Mass. 508, 509 n.3 (1995).

The federal constitution also affords the accused the right to counsel. U.S. Const. am. VI. The right to counsel is the right to the effective assistance of counsel. *Kimmelman v. Morris*, 477 U.S. 365, 377 (1986).

Immediately prior to trial, the court redrew the boundaries for standby counsel conduct. (Tr-IV-319). This rendered Davis' prior counsel waiver invalid. With these new parameters, the prior counsel waiver was now flawed. The waiver was not made knowingly.

The trial court compounded this error. The court deprived Davis of the ability to control his own defense. The trial court (1) improperly conducted a pretrial conference outside the presence of the *pro se* Davis (Tr-9/11/96-4-6); (2) treated a juror challenge

as peremptory, rather than assess is for cause (Tr-IV-154-155), (Comm.Br-21-22); (3)misinstructed the jury on the burden of proof (Tr-IV-91); and (4) gave an erroneous jury instruction on the elements for indecent assault and battery, omitting characterization of the touching as indecent in light of contemporary moral values. (Tr-XIII-69).

The restructuring of standby counsel's role deprived Davis of a fair trial. He earlier waived counsel based upon an understanding of the role of standby counsel. With that premise altered, the waiver is flawed. He was forced to proceed to trial without either (1) the effective assistance of counsel; or (2) self representation following a knowing waiver of counsel.

> 2. *Bowden* **Instruction on Available Inferences from Absence of Evidence. (Habeas Petition Ground 9).**

In Massachusetts courts, the *Bowden* instruction permits the jury to consider the government's failure to collect possibly exculpatory evidence. The trial court is not required to instruct on claimed inadequacy of the police investigation. *Bowden* holds that the court may not remove the issue from the jury's consideration. *Commonwealth v. Bowden*, 379 Mass. 472, 485-486 (1980); *Commonwealth v. Boateng*, 438 Mass. 498, 506-507 (2003).

The due process clause protects the accused against conviction without proof beyond a reasonable doubt of every fact necessary to constitute the charged crime. *In re Winship*, 397 U.S. 358, 364 (1970); *United States v. Grace*, 367 F.3d 29, 34 (1st Cir. 2004).

The trial court gave a flawed *Bowden* instruction. The instruction permitted the jury to draw an adverse inference from any failure by Davis to offer evidence. (Tr-XIII-51), (Supp-FAR-5-6), (Def.Br-PS-51). The jury could now place the burden of proof on Davis. He was deprived of the presumption of innocence. The instruction permitted the panel to return a guilty verdict, absent the government's proof beyond a reasonable doubt of all elements of the charged offense.

3.  **Scope of Direct and Cross Examination.  (Habeas Petition Grounds 4 and 5).**

The accused has a sixth amendment right to effective cross examination of key adverse witnesses. The trial court retains wide latitude to impose reasonable limits on cross-examination. Proper basis for limitation includes harassment, prejudice, confusion of the issues, witness safety, repetition, and marginal relevance. The Confrontation Clause guarantees the opportunity for effective cross examination, not cross-examination that is effective in whatever way or extent desired by the defense. *United States v. Callipari*, 368 F.3d 22, 36 (1st Cir. 2004); U.S. const., am. 6.

Evidence is relevant when it (1) has any tendency to make the existence of any fact more probable or less probable; and (2) that fact is of consequence to the action's determination. Relevant evidence is excludable when its prejudicial impact outweighs any probative value. *Old Chief v. United States*, 519 U.S. 172, 178, 180 (1997) (interpretation of Fed.R.Ev. 401 and 403); Liacos, *Handbook of Massachusetts Evidence*, §§ 4.1.1, 4.1.2, 4.3 (Aspen 1999).

The trial court deprived Davis of the opportunity to present his defense. The

court extensively curtailed his ability to summon witnesses. (Tr-II-4-8, 13), (Tr-II-63, Tr-III-6). Davis lost the opportunity to present his defense in the light he directed. If the summonses issued, the witnesses would have had the opportunity to quash, if appropriate. Here, the court undercut Davis' defense. Without the witnesses he deemed requisite, he was unable to advance his case with relevant evidence to rebut the Commonwealth's case.

Conversely, the court permitted the Commonwealth great latitude. During the Commonwealth's cross examination of Davis, the prosecutor offered substantial additional excerpts from the complainant's diary. (Tr-XII-144-152). The excerpts went beyond any effort to place Davis' use of the diary, during his direct, in proper context.

**C.    The Massachusetts courts unreasonably applied clearly established federal law.**

The state court errors warrants relief under the federal habeas statute. The Massachusetts courts unreasonably applied the foregoing principles to the facts of Davis' case. The application was both incorrect and objectively unreasonable.

Davis had an available theory of defense. The allegations followed a strained relationship with the complaining witness. The case was a credibility contest between Davis and the complainant.

As with any credibility contest, Davis was with little margin for error, if he hoped to successfully present his case to the fact finder. Early in the pretrial proceedings, he asserted his self representation right. Counsel waiver was based upon an understanding of a *pro se* defense with an active standby counsel. Immediately prior

to trial, a different judge substantially restricted the role of standby counsel. Davis' counsel waiver was involuntary. During the ensuing trial, his collective courtroom decisions only heightened the prejudice he suffered as a *pro se* litigant unable to control his defense.

Proceeding to trial *pro se*, Davis attempted to control his own defense. The trial court's rulings and demeanor deprived him of his right to self representation. He was without the ability to direct his defense. The trial court substantially curtailed his ability to summon witnesses. The court gave instructions that shifted the burden of proof. The judge declined to assess a defense jury challenge as based on cause, electing instead to treat it as a peremptory challenge.

The Massachusetts Appeals Court declined to fully assess the arguments raised by Davis. On the issues it chose to address, the court only afforded summary analysis and a blanket reliance on pages twenty-one through forty-five of the Commonwealth's brief. For the balance of Davis' issues, the court declined any role as reviewing authority. The Appeals Court dispensed of these remaining issues by a second blanket reference to pages twenty-one through thirty-one, thirty-seven through forty-three, and forty-four through forty-five of the Commonwealth's brief. (Appeals Decision).

Davis was without adequate remedy in the state court. The Massachusetts Appeals Court dismissed his arguments in an unpublished decision. The Massachusetts Supreme Judicial Court twice denied further appellate review. He exhausted his state court remedies. He must now turn to the federal forum for relief.

The provisions for the federal writ of habeas corpus are hollow if proceedings such as petitioner's trial are permitted to stand. The trial court permitted the case to proceed despite a flawed waiver of counsel. The prejudice suffered by Davis in his subsequent missteps is apparent. The state court unreasonably applied clearly established federal law. Davis had an available theory of defense. He was convicted without benefit of a fair trial.

## **CONCLUSION**

The foregoing authorities and arguments constitute a substantial showing of the denial of constitutional rights. Mr. Davis respectfully requests that this court issue a certificate of appealability.

    Respectfully submitted,
    Grayling Davis, Petitioner

By   /s/ James M. Fox
James M. Fox, Esq.
BBO # 556829
84 State Street, Suite 300
Boston, MA 02109
(617)227-0075
attorneyjamesfox@mac.com