UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GRAYLING DAVIS,                )
    Petitioner,            )
                               )
    v.                     )  C.A. No. 04-10386-MLW
                               )
                               )
BERNARD BRADY,                 )
    Respondent.            )

## MEMORANDUM AND ORDER

WOLF, D.J.

    Petitioner Grayling Davis seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254. Davis raised in his petition twelve grounds for relief. Of these, Davis argued, in his memorandum in support, only seven: the alleged denial of his rights 1) to an impartial jury (Ground One); to counsel (Ground Two); 2) to self-representation (Ground Three); 3) to call and examine witnesses (Ground Four); 4) to a trial free of unduly prejudicial evidence (Ground Five); 5) to represent himself and be present (Ground Seven); 6) to a presumption of innocence (Ground Eleven); 7) to a jury charge that included every element of the crimes charged (Ground Twelve). In addition, Davis presented in his memorandum a "cumulative effect" argument that was not raised in his petition or presented before the courts of the Commonwealth of Massachusetts. The court allowed Davis' subsequent motion to delete his unexhausted claim and then denied his petition. March 26, 2007 Order.

    Davis now moves for a certificate of appealability ("COA")

under 28 U.S.C. §2253. Under §2253, the court may not issue a COA unless the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To succeed, the applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." Miller-El v. Cockrell, 537 U.S. 332, 338 (2003) (internal quotation marks omitted). A claim "can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. However, the "issuance of a COA must not be pro forma or a matter of course" because by enacting the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. §2241 et seq, "Congress confirmed the necessity and the requirement of differential treatment for those appeals deserving of attention from those that plainly do not." Id. at 337.

Davis, who is represented by counsel, filed a memorandum in support of his motion, but fails to discuss the governing legal standard or cite any applicable law. Instead, he resubmits his memorandum in support of his original petition, now captioned as a Memorandum in Support of the Petitioner's Motion for Certificate of Appealability, with the addition of an opening and closing paragraph stating that he seeks a certificate of appealability under the substantial showing standard. The memorandum does not cite the source of the substantial showing standard, §2253(c)(2). This is insufficient to support the motion.

The relevant Local Rules state that "[a] party opposing a motion shall at the same time file a memorandum of reasons, including citation of supporting authorities, why the motion should be granted."  D.Mass.R. 7.1(b)(1). "Failure to comply with any of the directions or obligations set forth in...these Local Rules may result in dismissal, default, or the imposition of other sanctions as deemed appropriate by the judicial officer." D.Mass.R. 1.3.

By failing to cite or discuss controlling law, Davis provides no support for his motion. Moreover, the motion appears to be without merit. Accordingly, it is hereby ORDERED that the Motion for Certification of Appealability, (Docket No. 29), is DENIED.

|  |  |
|---|---|
| _____ | /s/ Mark L. Wolf |
| DATE | UNITED STATES DISTRICT JUDGE |